**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| THE TOWN OF HENLOPEN ACRES, DELAWARE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | C.A. No. 2024-0666-DH |
| ALEX JACOBS and CAREY JACOBS, | ) ) ) | |
| Respondents. | ) | |

## ORDER RESOLVING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

WHEREAS:

A. On June 20, 2024, petitioner The Town of Henlopen Acres, Delaware ("Petitioner" or the "Town") initiated this action through the filing of a Verified Complaint (the "Complaint"). *See* Verified Compl., Dkt. 1 [hereinafter Compl.]. Count I of the Complaint seeks a declaratory judgment that respondents Alex and Carey Jacobs (collectively the "Jacobses") violated the Town's municipal code (the "Code") by applying a pickleball court paint scheme to an electric vehicle charging pad (the "EV Pad"), installing the EV Pad in its present location, and using the EV Pad to play pickleball. Compl. ¶¶ 27–28. On August 14, 2024, the Jacobses filed their answer to the Complaint and asserted counterclaims against the Town (the "Answer and Counterclaims"). *See* Answer to Verified Compl. & Countercls., Dkt. 4 [hereinafter Ans. & Countercls.]. On Petitioner's motion for partial judgment on

the pleadings, I draw the following background from the Complaint, the Answer and Counterclaims, and the documents incorporated by reference.

B.     The Town is a Delaware municipal corporation governed by the Code and amended deed restrictions (the "Deed Restrictions").  Compl. ¶¶ 1, 14–17, 20–21; *see* Henlopen Acres C. § 10-1 (adopting "all present restrictions contained in the covenants of existing deeds of properties located within Henlopen Acres, excluding any restrictions that would be in conflict with federal or state laws.  The present covenants . . . are dated April 15, 1983, and recorded in the Office of the Recorder of Deeds for Sussex County in Georgetown, Delaware, in Deed Book 1195 at pages 1 through 19").

C.     The Jacobses are residents of Maryland who own real property in the Town, located at 70 Pine Reach Road, Rehoboth Beach, Delaware (the "Property").  Compl. ¶¶ 2–3.

D.     Article IV of the Deed Restrictions and Section 130-38(A) of the Code state that, "[a] complete and comprehensive set of plans and specifications, showing the nature, kind, shape, height, materials, floor plans, exterior color scheme, architectural appearance of the building as well as the grading, landscaping or other details of site development shall be submitted to the Environmental Approval

Committee for its consideration."[1]  Henlopen Acres C. § 130-38(a); *see also id.* §

10-1 (adopting article IV of the Deed Restrictions, which uses similar language).

E.    In August 2020, the Jacobses submitted an Application for Zoning

Certificate (the "Application"), which included construction plans for the Property.

Compl. ¶ 6 (incorporating the Application, including construction plans, by

reference); *id.* at Ex. A; Joint App., Item 1, Dkt. 16 [hereinafter JA] (providing the

proposed site plan ("SP.00") and landscape plan (the "Landscape Plan") submitted

with the Application).  SP.00 shows a "bicycle court" in the right-side yard of the

Property.  JA, Item 1.  Neither SP.00 nor the Landscape Plan include an "exterior

color scheme." *See id.*  A handwritten note on the Landscape Plan indicates that the

tree line at the back of the property "need[ed] a 2 ft. setback[.]" *Id.*

F.    On September 29, 2020, the Jacobses submitted a revised site plan

("SP1.0").[2]  Compl. ¶ 7 ("Included in the construction plans was Drawing SP1.0

dated September 23, 2020, and stamped 'received' by the Town on September 29,

---

[1] Section 130-38(b) of the Code provides the EAC's review criteria.  *See* Henlopen Acres C. § 130-38(b) ("The [EAC] shall have the right to approve or reject such plans which are not suitable or desirable, in its opinion, for aesthetic or other reasons, taking into consideration the suitability of the proposed building or other improvements and/or of the materials of the building or other improvements which are to be built on the site and the harmony thereof with the surroundings and the effect of such building or improvements on the outlook from the adjacent or neighboring property, and any and all other factors which in the [EAC]'s opinion would affect the desirability or suitability of such proposed building or improvements in the district.").

[2] At oral argument, the Town provided a letter-size copy of SP1.0.

2020."). SP1.0 depicts the twenty-three-foot by forty-nine-foot EV Pad on the southwest side—or right-side yard—of the Property. *Id.* In addition to the dimensions, SP1.0 describes the EV Pad as "electric car pad asphalt." SP 1.0 does not specify an "exterior color scheme," or EV Pad color.

G. The Town's Zoning Officer reviewed "the construction plans, determined that the project complied with the . . . Code . . ., and recommended approval of the Application to the Town's Environmental [Approval] Committee [(the "EAC")]." *Id.* ¶ 8; *see also* SP 1.0 (bearing "approved" stamp).

H. On October 15, 2020, "based on its review and approval of" the Application and SP1.0, the Town issued a Zoning Certificate/Building Permit. Compl ¶ 9; *id.* at Ex. B.

I. Sussex County issued a certificate of occupancy on June 22, 2022. Compl., Ex. C. And the Town issued a certificate of occupancy (the "CO") on August 12, 2022. *Id.*

J. The Town asserts that, at some point after the CO was issued, the Jacobses "modified" the EV Pad "by applying a blue, green, and white pickleball court color scheme to the surface of the" EV Pad and began using it to play pickleball. Compl. ¶ 13; *id.* at Ex. D. *Cf.* Ans. & Countercls. ¶ 13 (admitting that the photo attached as Exhibit D speaks for itself but otherwise denying the Town's assertion).

4

K.     The Town alleges that the Jacobses "modification" and use of the EV Pad as a pickleball court violates the following Code provisions and Deed Restrictions:

    a.  Section 130-2 of the Code, which requires "every use within a building or use accessory thereto, in any district, shall be in compliance with the provisions of . . . chapter [130]." Henlopen Acres C. § 130-2; *see* Compl. ¶ 14.

    b.  Section 130-8 of the Code, which provides "only such uses, and uses accessory and incidental thereto, as are hereinafter specified, and having plans approved by the Environmental Approval Committee, will be permitted." Henlopen Acres C. § 130-8; *see* Compl. ¶¶ 15, 18–19.

    c.  Section 130-17 of the Code, which states:

> [b]uildings, upon approval of the Environmental Approval Committee, may be erected, altered or used and a plot or premises may be used for any of the following purposes, and no other:
> . . . .
> D. Accessory uses shall be located at least 10 feet to the rear of the dwelling and within the side and rear building lines. Any accessory structure or recreational use requiring the construction or installation of a pad, paving, court, or combination thereof, except a swimming pool, shall not be placed on any property unless provided by special exception by the Board of Adjustment.

5

(1) All construction or structures shall be located at least 10 feet to the rear of the dwelling and shall comply with all side and rear setback requirements.

Henlopen Acres C. § 130-17; *see* Compl. ¶¶ 16, 18–19.

d. Section 130-18 of the Code, which explains, "[a]ny use not listed is specifically prohibited." Henlopen Acres C. § 130-18; *see* Compl. ¶ 17.

e. Article IV of the Deed Restrictions and Section 130-38(A) of the Code as described above. *See supra* ¶ D.

L. The Town employed various measures to have the Jacobses remove the EV Pad paint scheme and to prevent its use for pickleball. The Town issued Violation Notices that carried civil fines, passed a Resolution that gave the Town authority to engage in self-help, and, finally, filed this lawsuit. *See* Compl. ¶¶ 23–24; JA, Item 2; *id.* at Item 5; *id.* at Item 9; *id.* at Item 10; *id.* at Item 11; *id.* at Item 12; *id.* at Item 13; *id.* at Item 15.

M. The Town alleges the Jacobses have "expressed no intention of bringing the EV Pad into compliance with the Code[,]" and "intend to continue to use the EV Pad to play pickleball." Compl. ¶¶ 24–25. *Cf.* Ans. & Countercls. ¶¶ 24–25 (admitting that the Jacobses "occasionally engage in recreational activities on the Property" but otherwise denying the Town's allegations).

6

N.  On October 21, 2024, the Town filed its Motion for Partial Judgment on the Pleadings (the "Motion") and opening brief in support of the motion (the "Opening Brief").  *See* Opening Br. in Support of Pet'r/Countercl. Resp't's Mot. for Partial J. on the Pleadings Pursuant to R. 12(c), Dkt. 8.  The Motion requests that the Court enter judgment on Count I of the Complaint, which seeks a declaratory judgment that the Jacobses violated the Code by applying pickleball court paint to the EV Pad, installing the EV Pad in the side yard of the Property, and using the EV Pad to play pickleball.  Compl. ¶¶ 27–28.

O.  On December 16, 2024, the Jacobses filed their answering brief in opposition to the Motion (the "Opposition").  *See* Answering Br. in Opp'n to Pet'r/Countercl. Resp't's Mot. for Partial J. on Pleadings, Dkt. 11 [hereinafter RAB].

P.  On January 15, 2025, the Town filed its reply brief in further support of the Motion.  *See* Reply Br. in Support of Pet'r/Countercl. Resp't's Mot. for Partial J. on the Pleadings Pursuant to R. 12(c), Dkt. 12.

Q.  At the Court's request, the parties submitted a joint appendix containing documents relied upon and incorporated by reference in the pleadings.  *See* JA.

R.  And the Court heard argument on the Motion on April 21, 2025.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 6th day of May, 2025, as follows:

7

1.  Court of Chancery Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Ct. Ch. R. 12(c).

2.  "In determining a motion for judgment on the pleadings under Court of Chancery Rule 12(c), 'a trial court is required to view the facts pleaded and inferences to be drawn from such facts in a light most favorable to the non-moving party.'" *Brandywood Civic Ass'n v. Freas*, 2018 WL 3210854, at *2 (Del. Ch. June 29, 2018) (quoting *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993)). However, the Court need not accept "neither inferences nor conclusions of fact unsupported by allegations of specific facts . . . as true. That is, 'a trial court need not blindly accept as true all allegations, nor must it draw all inferences from them in plaintiffs' favor unless they are reasonable inferences.'" *McMillan v. Intercargo Corp.*, 768 A.2d 492, 500 (Del. Ch. 2000) (quoting *In re Lukens Inc. S'holders Litig.*, 757 A.2d 720, 727 (Del. Ch. 1999)) (cleaned up).

3.  On a Rule 12(c) motion, the Court may review complaints, counterclaims, answers, and affirmative defenses. *Reynolds v. Dep't of Nat. Res. & Env't Control*, 2019 WL 6724424, at *2 (Del. Ch. Nov. 20, 2019). And "the Court may consider documents integral to the pleadings, including documents incorporated by reference and exhibits attached to the pleadings, and facts subject to

8

judicial notice." *BBD Beach, LLC v. Bayberry Dunes Ass'n*, 2022 WL 763466, at *2 (Del. Ch. Mar. 10, 2022) (quoting *Jimenez v. Palacios*, 250 A.3d 814, 827 (Del. Ch. Aug. 2, 2019, revised Aug. 12, 2019), *aff'd*, 237 A.3d 68 (Del. 2020) (TABLE)).

4.      The Court can "only grant a motion for judgment on the pleadings when no material issue of fact exists and the movant is entitled to judgment as a matter of law." *Brandywood Civic Ass'n*, 2018 WL 3210854, at *2.

5.      Respondents admit they painted the EV pad "in a manner similar to the popular sport of Pickleball," and Exhibit D to the Complaint accurately reflects the current condition of the EV Pad; however, they otherwise deny the allegations in paragraph thirteen of the Complaint. Ans. & Countercls. ¶¶ 13, 91; *see* Compl. ¶ 13 ("After the issuance of the Certificate of Occupancy, the Respondents modified the appearance of the plain EV Pad by applying a blue, green, and white pickleball court color scheme to the surface of the pad which is complemented by a removable net. A picture of the EV Pad with the modified color scheme is attached hereto as Exhibit D and is incorporated herein by reference.").

6.      Respondents correctly assert that the Court views deed restrictions like those incorporated by, and included in, the Code with skepticism.[3] The Court has found restrictions unenforceable when they rely on "standards that allow for

---

[3] Though I note, "the mere presence of these buzzwords in deed restrictions does not" make them automatically unenforceable. *RBY&CC East Side Homeowners Ass'n, Inc. v. Beebe*, 2023 WL 3937932, at *14 (Del. Ch. June 9, 2023).

rejection 'solely on the basis of aesthetic reasons' . . . ." *Brandywood Civic Ass'n*, 2018 WL 3210854, at *4 (quoting *Welshire Civic Ass'n, Inc. v. Stiles*, 1993 WL 488244, at *3 (Del. Ch. Nov. 19, 1993)); *see* RAB, Ex. A. Likewise, "[a] decision to deny improvement based solely on aesthetics is not enforceable . . . ." *Wilm. Friends Sch., Inc. v. Alapocas Maint. Corp.*, 2022 WL 2134679, at *1 (Del. Ch. June 14, 2022); *see* RAB, Ex. A. Nevertheless, the Court is not foreclosed from considering aesthetic elements as part of a comprehensive plan. Indeed, "decisions may be influenced by aesthetic considerations while still subject to objective standards. For example, our courts regularly enforce architectural review provisions designed to ensure the overall harmony of appearance within a community, when that community possesses a 'sufficiently coherent visual style' enabling fair and even-handed application." *Lawhon v. Winding Ridge Homeowners Ass'n, Inc.*, 2008 WL 5459246, at *5 (Del. Ch. Dec. 31, 2008) (quoting *Dolan v. Villages of Clearwater Homeowner's Ass'n, Inc.*, 2005 WL 1252351, at *4 (Del. Ch. May 12, 2005)). However, here, unlike cases where homeowners associations use similar deed restrictions to reject proposed construction plans, the EAC did not deny SP1.0. Rather, the EAC *approved* SP1.0 even in the absence of an "exterior color scheme," or EV Pad color. The CO states that "[t]he work performed under the above Building Permit has been completed in compliance with the application and plans submitted

10

. . . ." Compl., Ex. C. But, on the facts presently before the Court, it is unclear exactly what "exterior color scheme" or EV Pad color the EAC approved.

7. Consequently, there are issues of material fact that must be resolved before complete relief under Count I can be granted properly; thus, Petitioner's Motion must be denied.

8. The parties are directed to meet and confer on a proposed case scheduling order[4] and contact Chambers for trial dates in late 2025.

9. Under Court of Chancery Rule 144, exceptions to all interim rulings are stayed pending a Final Report absent leave of the Magistrate.

/s/ David Hume, IV

David Hume, IV
Magistrate in Chancery

---

[4] *See Guidelines for Persons Litigating in the Court of Chancery*, DEL. CTS.: CT. OF CH. § 5 (Oct. 15, 2024), https://courts.delaware.gov/forms/download.aspx?id=99468.